OPINION
The following is an appeal from a judgment of the Trumbull County Court of Common Pleas, Juvenile Division, terminating the parental rights of appellant, Carl Ethington ("appellant"), with respect to his two children, Amanda Ann (d.o.b. 6/14/93) and Joann Marie (d.o.b. 10/1/94), and granting permanent custody to the Trumbull County Children Services Board ("appellee" or "TCCSB"). For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
The facts pertinent to this appeal are as follows. On April 27, 1994 and October 3, 1994, TCCSB filed complaints seeking temporary custody of appellant's two minor children. By judgment entry filed May 11, 1994, the trial court adjudicated Amanda Ann as a dependent child, and granted TCCSB's request for temporary custody. The trial court issued a similar judgment with respect to Joann Marie on October 3, 1994. TCCSB subsequently filed a motion, on February 21, 1996, seeking permanent custody of the two minor children who remained in foster care.
A hearing on appellee's request for permanent custody was heard before a magistrate beginning on May 3, 1996 and continuing on the following dates: September 6, 1996; November 4, 1996; November 15, 1996; January 8, 1997; February 21, 1997; March 4, 1997; May 6, 1997; and May 8, 1997. Following the conclusion of the hearing, the magistrate recommended that TCCSB's motion be granted. It must be noted that the record before this court contains no decision signed by the magistrate, as required under Civ.R. 53(E)(1), as to his determination. Rather, the record contains a transcript entitled "ORDER OF COURT," filed with the trial court on May 21, 1997, apparently dictated by the magistrate at the close of the evidence presented at the hearing.
Appellant filed objections from the magistrate's "decision" and filed a complete transcript of the evidence presented at the hearing. By judgment entry filed April 2, 1998, the trial court overruled appellant's objections and adopted the magistrate's decision. From this judgment, appellant filed a timely notice of appeal and, in his sole assignment of error, asserts that the trial court erred in granting permanent custody of his children to TCCSB.
In determining a motion for permanent custody, the trial court must adhere to the guideline set forth in former R.C.2151.414.[1] Pursuant to R.C. 2151.414 and former R.C.2151.353(A)(4), the court may award permanent custody to a public children services agency if two determinations are made. First, the court must determine, by clear and convincing evidence, that it is in the best interest of the child to grant the movant permanent custody and, second, that any of the following apply:
 "(1) the child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
 "(2) the child is abandoned and the parents cannot be located;
 "(3) The child is orphaned and there are no relatives of the child who are able to take permanent custody." R.C. 2151.414(B)(1) through (3).
 In determining what is in the best interest of the child, R.C. 2151.414(D) provides that the court shall consider "all relevant factors, including, but not limited to, the following":
 "(1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;
 "(2) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 "(3) The wishes of the child, as expressed directly by the child or through has guardian ad litem, with due regard for the maturity of the child
"(4) The custodial history of the child;
 "(5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."
 In the present case, the trial court determined that the children could not be placed with their natural parents within a reasonable period of time because of the natural parent's failure to remedy the conditions that caused TCCSB to become involved in this case. The trial court further made the following determination with respect to the best interest of the child:
 "5.] THE COURT FURTHER FINDS BY THE STANDARD OF CLEAR AND CONVINCING EVIDENCE that it is in the best interests of the minor child to grant Permanent Custody.
 "6.] THE COURT FURTHER FINDS that the minor children's custodial history has been long and that there is a reasonable probability of these children being adopted, and that an adoptive placement would positively benefit them. The granting of the Permanent Custody to the Trumbull County Children Services Board would facilitate an adoption.
 "7.] In relation to the interaction and relationship with the children and their parents, siblings, relatives, foster parents out-of-home providers and any other person(s) who may significantly affect the children, THE COURT FINDS that the strongest bond between the girls is to each other; and that the next strongest bond would be with their foster parents.
 "8.] THE COURT FURTHER FINDS that the Guardian Ad Litem recommends the Permanent Custody of the minor children be placed with the Trumbull County Children Services Board for the purposes of adoption.
 "9.] THE COURT FURTHER FINDS that the Case Plan document sets forth a Goal of Adoption; and, THE COURT FINDS that document to be satisfactory and approved." (Emphasis sic.)
 It is apparent that the trial court attempted to address the factors enumerated in R.C. 2151.414(D)(1) through (4). However, there is no indication that the trial court considered R.C. 2151.414(D)(5). Furthermore, although the trial court attempted to comply with the R.C. 2151.414(D)(2) (4), its responses to these statutory inquiries establish a failure to adequately consider these factors. R.C. 2151.414(D)(2) requires the trial court to consider the child's interactions with any person who may significantly affect the child including the natural parents. The trial court gave no indication as to the children's interactions with their natural parents. Rather, the trial court only attempted to rank the children's two "strongest bonds." As to R.C. 2151.414
(D)(4), the trial court gave absolutely no summary as to the custodial history of this case except to describe it as "long."
The permanent termination of a person's parental rights is one of the most heart wrenching and difficult decisions that a court can make. In making its factual determinations in these types of decisions, the trial court must adequately explain its reasoning from which to permit appellate review. This court has previously addressed the significance of a trial court's failure to consider all five factors as required by statute. In In reHommes (Dec. 6, 1996), Ashtabula App. No. 96-A-0017, unreported, the trial court neglected to consider the wishes of the child as required by R.C. 2151.414(D)(3). This court held that the provisions of R.C. 2151.414(D) are mandatory and "must be scrupulously observed." Id. at 4. We reversed and remanded the trial court's decision for a proper consideration of all factors, stating:
 "It has been held that a juvenile court's judgment entry that discusses some — but not all — of the factors listed in R.C. 2151.414(D) must be reversed. See In re Brown (1994), 98 Ohio App.3d 337, 343." Id. at 5.
 Even more recently than our decision in Hommes, a majority of this court reversed a decision to grant TCCSB permanent custody in a case that was decided by the very same juvenile court and magistrate when the trial court failed to properly consider all the statutory factors in determining the best interest of the children as set for in R.C. 2151.414(D). In re: Thurston (Dec. 19, 1997), Trumbull App. No. 96-T-5510, unreported. Accordingly, the trial court's failure to discuss all of the factors as set forth in R.C. 2151.414(D) in reaching its determination as to the best interest of the children constitutes prejudicial error. We note, as we did in Hommes and Thurston, that no one factor, taken in isolation, is dispositive of this issue. However, they are all relevant to the question of whether a parent should by stripped, permanently, of his or her parental rights and, therefore, each factor needs to be given proper consideration.
Based on the foregoing analysis, we determine that the trial court's judgment entry is deficient on its face. Thus, the judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
_________________________
JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J.,
CACIOPPO, J., Ret.,
Ninth Appellate District, sitting by assignment, concur.
[1] R.C. 2151.414 was amended on September 18, 1996, but the amended version is not applicable to this case.